NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 17 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SIGIFREDO QUEZADA IBARRA;
JASMIN QUEZADA-PENA,

        Plaintiffs-Appellants,

    v.

UNITED STATES DEPARTMENT OF
STATE; et al.,

        Defendants-Appellees.

No.    21-55271

D.C. No.
2:20-cv-01909-FMO-DFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted January 13, 2022
Pasadena, California

Before:  RAWLINSON and WATFORD, Circuit Judges, and RAKOFF,[**] District
Judge.

        Plaintiffs Sigifredo Quezada Ibarra and Jasmin Quezada-Pena challenge the

Department of State's policy of refusing to apply the so-called "minor exception"

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]    The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

found at 8 U.S.C. § 1182(a)(9)(B)(iii)(I) to those found inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(I). The district court held that plaintiffs' statutory claim was barred by the doctrine of consular nonreviewability, and that their constitutional claim failed because they did not allege bad faith conduct by the consular official. We affirm.

**1.** We need not decide whether plaintiffs' statutory claim is barred by the doctrine of consular nonreviewability. *See Allen v. Milas*, 896 F.3d 1094, 1102 (9th Cir. 2018) (holding that the doctrine is not a jurisdictional limit). Even assuming that plaintiffs' statutory challenge is reviewable, we conclude that it fails on the merits.

We agree with plaintiffs that 8 U.S.C. § 1182(a)(9)(C) is ambiguous and that the government's interpretation of the statute is entitled to deference, if at all, only under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944). The government's interpretation is not entitled to deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), because it appears only in an interoffice memorandum from United States Citizenship and Immigration Services. *See Ketchikan Drywall Services, Inc. v. Immigration & Customs Enforcement*, 725 F.3d 1103, 1112–13 (9th Cir. 2013) (granting *Skidmore* deference to an INS memorandum after considering factors including the thoroughness and validity of the agency's reasoning and its overall power to

persuade).

Under *Skidmore*, we find the government's interpretation persuasive. Although the definition of "unlawful presence" is the same in subsections (a)(9)(B) and (a)(9)(C), *see Acosta v. Gonzales*, 439 F.3d 550, 557 (9th Cir. 2006), *overruled on other grounds by Garfias-Rodriguez v. Holder*, 702 F.3d 504 (9th Cir. 2012), the memorandum notes that the minor exception in subsection (a)(9)(B) applies by its terms only when "determining the period of unlawful presence in the United States under clause (i)." 8 U.S.C. § 1182(a)(9)(B)(iii)(I). That language appears to limit the applicability of the minor exception to those who are found inadmissible under subsection (a)(9)(B). In addition, the memorandum notes that the grounds of inadmissibility listed under subsection (a)(9)(C) rest on the comparatively more serious violation of multiple illegal entries, making those violations "more culpable than mere unlawful presence" and supporting the position that Congress intended the two grounds to be treated differently. This conclusion is bolstered by our decision in *Acosta*, where we declined to import the waiver provision found in subsection (a)(9)(B)(v) to subsection (a)(9)(C), relying heavily on the fact that the (a)(9)(B)(v) waiver expressly references "clause (i)." 439 F.3d at 557–58.

We recognize that the government's reading of the statute leads to unjust results, with this case being a prime example. Quezada Ibarra has lived continuously in the United States since 2006. He and his wife, a U.S. citizen, have

two U.S. citizen children, and another of his daughters, who is a lawful permanent resident, also lives with the family.  Yet he is now barred from returning to the United States for 10 years because of an illegal entry that occurred when he was four years old.  No sound policy justification appears to support separating a family in these circumstances.  But, as we have explained, Congress drafted subsections (a)(9)(B) and (a)(9)(C) in a way that contradicts plaintiffs' interpretation.

**2.**  The district court correctly dismissed plaintiffs' constitutional claim because the denial of Quezada Ibarra's visa was facially legitimate and bona fide.  The government cited two valid statutes of inadmissibility with discrete factual predicates justifying the denial, namely 8 U.S.C. §§ 1182(a)(9)(B)(i)(II) and 1182(a)(9)(C)(i)(I).  *See Cardenas v. United States*, 826 F.3d 1164, 1172 (9th Cir. 2016).  The burden then shifted to plaintiffs to plausibly allege that the consular official acted in bad faith.  They have not done so despite being afforded an opportunity to amend their complaint.

**AFFIRMED.**